Dear Senator Jones:
You have requested an opinion from this office regarding whether the Department of Public Safety and Corrections could enter into a cooperative endeavor with a police jury to place state adult inmates in a privately owned and managed detention facility pursuant to an agreement between the police jury and the private prison contractor. The police jury of each parish is required to provide a "good and sufficient jail" and to maintain it. La. R.S. 33:4715 and 15:702. Thus, the primary responsibility for providing a parish jail rests with the police jury. However, the legislature has authorized law enforcement districts to acquire jails, too. See, La. R.S. 33:9010(D)(1)(a). The Louisiana Corrections Private Management Act (La. R.S. 39:1800.1, et seq.) authorizes the Department of Public Safety and Corrections and local governmental subdivisions to enter into contracts with prison contractors for financing, acquiring, designing, leasing, constructing and operating prison facilities. See, La. R.S.39:1800.4. We find no requirement for the sheriff to concur in such contracts. The term "prison contractor" is defined as any entity which enters into an agreement to provide any correctional services to inmates in the custody of the state. La. R.S.39:1800.3(4). But please refer to our opinion No. 94-424, a copy of which is enclosed for your convenience, wherein we cautioned that since a prison contractor can only provide correctional services to state inmates, the facility managed by the prison contractor cannot be the sole jail facility provided by the parish, because the parish governing authority has an obligation to provide a jail to house parish inmates. The sheriff is the keeper of the parish jail pursuant to La. R.S. 15:704.
Your final question was whether there is any prohibition against the Department of Public Safety and Corrections from compensating the police jury at the per diem rate established by the legislature for housing state inmates. La. R.S. 15:824
requires the Department of Public Safety and Corrections to pay to each parish sheriff, or to the governing authority of those parishes in which the governing authority operates the parish jail, the sum of twenty-one dollars per day for keeping and feeding each state inmate kept in the parish jail. Under the scenario you presented in your inquiry, since the jail would be owned and managed by a prison contractor, it is the opinion of this office that such a facility would not be a "parish jail" and the police jury would not be entitled to the compensation established by La. R.S. 15:824.
We trust this opinion provides you with the necessary information to satisfy your query.
Should you have further questions, please do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ RANDALL A. KARR ASSISTANT ATTORNEY GENERAL
RPI/RAK/dra
Enclosure
OPINION NUMBER 94-424
AUGUST 22, 1994
 84 PARISHES 107 SHERIFFS
 R.S. 15:702, 15:704: 15:706: 15:848: 15:848.3: 15:848.5: 15:849: 15:849.3: 15:850.1: 15:850.4: 15:850.6: 33:1435: 33:4715: 38:1800.1, et seq.: 39:1800.3:
 The La. Corrections Private Management Act did not repeal those statutes setting forth the duties and responsibilities of the sheriff as the keeper of the jail. Furthermore, the La. Corrections Private Management Act only applies to correctional facilities whose prisoners are under the custody of the state, not under the custody of the parish.
Hon. Donald E. Hathaway Sheriff, Caddo Parish 501 Texas St., Room 101 Shreveport, LA 71101-5410